# IN THE UNITED STATED DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE, NASHVILLE DIVISION

JUDY A. FOSTER,                     )

                                      )

                Plaintiff,         )

                                        )

vs.                                   )     Civil Action Case No. 3:11-cv-01216

                                      )     Judge Haynes/Magistrate Bryant

                                      )     JURY DEMAND

SPRING MEADOWS HEALTH      )

CARE CENTER, LLC,             )

                                        )

                Defendant.     )

## ANSWER

Comes now the Defendant, SPRING MEADOWS HEALTH CARE CENTER, LLC, by and through counsel, and for answer to the Complaint filed against it would show unto the Court the following:

### NATURE OF ACTION

1.      In response to paragraph 1, the Defendant admits the existence of the stated United States Code Sections. Defendant denies any conduct which would be such as to constitute a violation of such Code Sections.

### JURISDICTION AND VENUE

2.      In response to paragraph 2, Defendant admits the existence of the stated United States Code Sections and admits that this Court appears to have proper jurisdiction over this case. Defendant admits venue is proper in this Court.

### PARTIES

3.      Paragraph 3 is admitted.

4.      Paragraph 4 is admitted.

## ADMINISTRATIVE HISTORY

5.      Defendant admits that Plaintiff signed a Charge of Discrimination on November 21, 2009, under EEOC Charge No. 423-2010-00321 and that a Notice of Right to Sue was issued on September 27, 2011.

6.      Paragraph 6 is admitted.

## ALLEGATIONS

7.      Paragraph 7 is admitted.

8.      Paragraph 8 is admitted.

9.      Defendant admits the first grammatical sentence of Paragraph 9.  Defendant admits that Plaintiff worked for Defendant for over seven (7) years and that she provided satisfactory patient care.

10.      The allegations of Paragraph 10 are denied as written.

11.      Paragraph 11 is denied.

12.      Paragraph 12 is admitted.

13.      Paragraph 13 is denied.

## COUNT I

### 42 U.S.C. § 2000e

14.      Defendant restates each and every response to the allegations set forth in paragraphs 1 through 13 as if fully set forth herein.

15.      Paragraph 15 is denied.

16.      Paragraph 16 is denied and Defendant demands strict proof thereof.

## COUNT II

### 29 U.S.C. § 621

2

17.     Defendant restates each and every response to the allegations set forth in paragraphs 1 through 16 as if fully set forth herein.

18.     Paragraph 18 is denied and Defendant files a Motion to Dismiss and Memorandum of Law in support thereof contemporaneously herewith.

19.     Paragraph 19 is denied and and Defendant files a Motion to Dismiss and Memorandum of Law in support thereof contemporaneously herewith.

## PRAYER FOR RELIEF

20.     Defendant denies that Plaintiff is entitled to any of the relief sought in sub-paragraphs (A) – (F) as set forth in the Prayer for Relief.

21.     Any allegation not previously admitted is hereby denied.

22.     The Defendant demands a jury to try this cause.

## AFFIRMATIVE DEFENSES

23.     The Complaint fails to state a claim upon which relief may be granted and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

24.     The Plaintiff was terminated by the Defendant based upon her violations of the Defendant's legitimate guidelines and code of conduct.

25.     In the event the facts demonstrate that the Plaintiff has failed to mitigate or reasonably avoid her damages, the Defendant asserts Plaintiff's failure to mitigate as an affirmative defense.

26.     The Plaintiff cannot maintain any cause of action that was not originally included in her charge of discrimination.

27.     The Plaintiff was at all times an employee at-will and as such, could be discharged at any time with or without cause.

3

28.     All actions taken by the Defendant with respect to the Plaintiff's employment were based on legitimate and non-discriminatory business related reasons.

29.     The basis for the termination of the Plaintiff was unrelated to any age or racial bias, nor was any alleged age or racial bias a substantial motivating factor in the Defendant's discharge decision.

30.     The Defendant asserts and reserves all defenses to back pay and front pay.

31.     Defendant has a policy prohibiting discrimination on the basis of age and race. Such policy was in effect at all times relevant to Plaintiff's employment and Defendant denies any conduct in violation of such policy.

WHEREFORE, and having fully answered the Complaint herein, the Defendant respectfully prays that the Complaint against it be dismissed with prejudice, that the Court enter judgment in its favor, and that the Court tax the cost against the Plaintiff, and that the Court award the Defendant their attorneys' fees as permitted by applicable law, and such other relief as the Court deems proper.

Respectfully submitted,

BATSON NOLAN PLC

By: /s/ Kathryn W. Olita
        Kathryn W. Olita, BPR No. 023075
        Erik Fuqua, BPR No. 029972
        121 South Third Street
        Clarksville, Tennessee 37040
        (931) 647-1501

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been delivered to the following persons via the Court's electronic filing system or other appropriate means:

> Debra A. Wall
> 133 Franklin Street
> Clarksville, TN 37040
> *Attorney for Plaintiff*

on this __2nd__ day of <u>February</u>, 2012.

BATSON NOLAN

By: __/s/ Kathryn W. Olita_____

5