IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

```
JUDY A. FOSTER,                )
                               )
     Plaintiff,                )
                               )
vs.                            )
                               )   CIVIL ACTION NO. 3:11-cv-1216
SPRING MEADOWS HEALTH          )
CARE CENTER, LLC,              )   JUDGE HAYNES
                               )   MAGISTRATE BRYANT
                               )
     Defendant.                )   JURY REQUESTED
_____)
```

### INITIAL CASE MANAGEMENT ORDER

Pursuant to Local Rule 11(d) the following Case Management Order is entered:

**I. Jurisdiction and Venue.** Jurisdiction is invoked pursuant to 28 U.S.C. Sections 1331 and 1343 and is not in dispute. Venue is not in dispute.

**II. Parties' Theory of the Case.**

    **A. Plaintiff's Theory of the Case**.

The plaintiff, JUDY A. FOSTER, is a black female, over the age of forty (40). Plaintiff was employed by Defendant in 2002 as a certified nurse assistant. Plaintiff worked well in this capacity for over seven (7) years. After reporting to work at Defendant facility on October 24, 2009, a ward clerk asked Plaintiff if she would volunteer to leave work without pay as the

1

census was low and too many staff members were working. Plaintiff declined but stated that she would leave the next day if too many staff members were again working and the census remained low. When Plaintiff arrived at work on October 25, 2009, she learned that there were indeed too many staff members present and some would need to leave. Plaintiff left believing that she had permission to do so.

On October 28, 2009 Plaintiff was advised that she was terminated for insubordination and walking off the job. Plaintiff alleges that younger white certified nurse assistants who walked off the job were not fired for their conduct.

Plaintiff seeks to recover lost wages, past and future, lost benefits, compensatory damages, attorney fees and costs.

B. Defendant's theory of the Case

The Defendant, Spring Meadows Health Care Center, LLC, submits this theory based upon the original Complaint as filed. The Plaintiff, Judy Foster, was hired by Spring Meadows as a Certified Nurse Assistant on August 24, 2002. On October 24, 2009, Plaintiff expressed an interest in not working her regularly scheduled shift of October 25, 2009. The facility has a procedure for early dismissal in the event of overstaffing. Specifically, the determination as to whether anyone will be relieved of duty is made on a day-to-day basis due to changes in

2

census (the number of resident/patients in the facility) and the number of staff present, taking into account any staff that may call out that day. Judy Foster reported to work on October 25, 2009 but was not approved for early dismissal pursuant to Defendant's established procedure for determining who goes home. Once it is determined how many staff may be released, staff members may volunteer to go home. If there are more volunteers than staff permitted to leave, a drawing is held. On October 25, 2009, there were more staff to volunteer to go home than there were permissible early dismissals. A drawing was held as to who would go home and Judy Foster's name was not drawn. When Ms. Foster was advised that she had not been drawn to go home, she became upset and intentionally left the facility without permission from the charge nurse or supervisor. Ms. Foster knew she did not have permission to leave and another staff member attempted to stop her. Based upon Defendant's established procedure for determining early dismissal in conjunction with its policies on voluntary resignation and insubordination, Judy Foster was terminated effective October 28, 2009. The Plaintiff was terminated by the Defendant based upon her violations of the Defendant's legitimate guidelines and code of conduct. The Plaintiff was not terminated because of her age or her race.

3

Case 3:11-cv-01216   Document 17   Filed 02/28/12   Page 3 of 9 PageID #: 51

The Defendant as an employer is controlled by its Employee Handbook. The at-will employment policy states, "[t]he facility hires all employees on an 'at will' basis. This means you or the facility may terminate your employment at will as long as its reasons are consistent with applicable law and established guidelines." The handbook also states:

> It is the policy of the facility to provide all employees, and candidates for employment, with equal employment opportunities regardless of age, race, color, religion, sex, disability or national origin.

The Defendant denies that its actions are in violation of Title VII or The Age Discrimination in Employment Act or any other legal theory. Plaintiff's termination was based upon Defendant's legitimate policies, procedures and code of conduct.

Neither age nor race was a factor with regard to the treatment of Plaintiff. Plaintiff was not treated differently than employees who are similarly situated, nor was she replaced by someone outside of the protected class. The Defendant further avers that the Plaintiff is not entitled to any damages in any form from the Defendant. The Plaintiff has a duty to mitigate her damages.

**III. Schedule of Pretrial Proceedings**

    **A.**   <u>**Rule 26(a)(1) Disclosure**</u>

4

The parties shall make their Rule 26(a)(1) disclosures within thirty (30) days from the initial case management conference or on or before March 28, 2012.

B.  **Meeting of Counsel and Parties to Discuss Settlement Prospects**

Ninety (90) days from the date of this initial case management conference, counsel and clients are required to have a face-to-face meeting to discuss whether this case can be resolved without further discovery proceedings. If a party other than a natural person, is involved in this litigation, a representative who has the authority to settle shall attend this meeting on behalf of this party. After the meeting is conducted, counsel shall prepare a report and file it with the Court reflecting that the parties met and that the parties made a good faith effort to evaluate the resolution of this case. This report should also include whether the parties believe that one of the Alternative Dispute Resolution ("ADR") procedures under the Local Rules would further assist the parties in resolving this matter.

C.  **Other Pretrial Discovery Matters**

As determined at the case management conference on February 27, 2012, this action is set for a jury trial on **April 9, 2013** at **9:00 a.m**. If this action is to be settled, the Law Clerk shall be notified by noon on **April 5, 2013**. If the settlement

5

is reached thereafter resulting in the non-utilization of jurors, the costs of summoning jurors may be taxed to the parties dependent upon the circumstances.

A pretrial conference shall be held **March 25, 2013** at **3:00 p.m**. A proposed pretrial order shall be submitted at the pretrial conference.

All discovery shall be completed by the close of business on September 4, 2012. All written discovery shall be submitted in sufficient time so that the response shall be in hand by September 4, 2012. All discovery related motions shall be filed by the close of business on September 18, 2012. No motions related to discovery or for a protective order shall be filed until a discovery/protective order dispute conference has taken place and the attorneys of record shall attend and meet, face-to-face, in an effort to resolve the dispute and a jointly signed discovery/protective order dispute statement is submitted setting forth precisely the remaining issues in dispute and the reasons why those issues remain unresolved.

All dispositive motions[1] and *Daubert* motions shall be filed by the close of business on November 16, 2012, and any response

---

[1] No memorandum in support of or in opposition to any motion shall exceed twenty (20) pages. No reply shall be filed to any response unless invited by the Court.

6

thereto shall be filed by December 17, 2012. Any reply shall be filed by the close of business on December 31, 2012.

Any motion to amend the pleadings or join parties shall be filed in sufficient time to permit any discovery necessary because of the proposed amendment to be obtained within the time for discovery. No amendments will be allowed if to do so will result in a delay in the disposition of the action by requiring an extension of the discovery deadline.

There shall be no stay of discovery pending disposition of any motions.

Interrogatories pursuant to Rule 33, Federal Rules of Civil Procedure, shall be limited to sixty (60) such interrogatories. Subparts of a question shall be counted as additional questions for purposes of the overall number. In all other respects, Rule 33.01, Local rules of Court, shall govern.

By the close of business on October 1, 2012, the plaintiff shall declare to the defendant (not file with the Court) the identity of his expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

By the close of business on November 1, 2012, the defendant shall declare to the plaintiff (not file with the Court) the identity of their expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

7

Any supplements to expert reports shall be filed by the close of business on November 16, 2012. There shall not be any rebuttal expert witnesses.

To reduce the needless expenditure of time and expense, there shall not be any discovery depositions take of expert witnesses. A party may, however, serve contention interrogatories and requests for admission upon another party's expert. If these discovery methods prove ineffective, a party may move to take the deposition of the expert. In a diversity action, a treating physician is considered a fact witness unless the physician expresses opinions beyond the physician's actual treatment of the party.

The expert witness report required by Rule 26(a)(B), Federal Rules of Civil Procedure, is considered to the expert's direct examination testimony at trial. If an expert expects to expound his or her testimony beyond the wording of the expert's report, the party calling the expert shall inform the opposing party with the specifics of that expounding testimony at least 15 days prior to the dispositive motion deadline.

These rules on experts are to ensure full compliance with Rule 26 (a)(2); to enable the parties to evaluate any _Daubert_ challenges prior to filing dispositive motions; to avoid

conflicts with the experts' schedules; and to avoid the costs of expert depositions.

Local Rule 39(c)(6)( c) relating to expert witnesses shall apply in this action, and strict compliance is required.

### D. Electronic Discovery Issues

The parties have conferred to discuss the likely location of discoverable electronic information and have agreed upon the following approach to discovery of electronically stored information:

It is so **ORDERED.**

                                          *s/ John S. Bryant*
                                         _____
                                         JOHN S. BRYANT
                                         United States Magistrate Judge

**APPROVED FOR ENTRY:**

*/s/Debra A. Wall*
Debra A. Wall, B.P.R. #11331
Attorney for Plaintiff
133 Franklin Street
Clarksville, Tennessee 37040
Tele. (931) 906-3904
Fax (931) 906-3904
e-mail debraawall@msn.com


*s/Kathryn W. Olita*
Kathryn W. Olita, B.P.R. #023075
Erik Fuqua, B.P.R. #029972
Attorneys for Defendant
121 South Third Street
Clarksville, Tennessee 37040
(931)647-1501

9