IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| JUDY A. FOSTER, | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | No.:3-11-1216 |
| SPRING MEADOWS HEALTH CARE CENTER LLC, | ) | Judge ASPEN |
| Defendant. | ) | JURY DEMANDED |

**JOINT PRETRIAL ORDER**

Comes now the parties, JUDY A. FOSTER and SPRING MEADOW HEALTH CARE CENTER, LLC, and submit the following Joint Pretrial Order in this matter:

1. **Confirmation of Order to Pleadings**. This Pretrial Order shall control the trial of this matter and this Order shall supplant the pleadings in this case.

2. **Jurisdiction**. Plaintiff brings this cause of action under Title VII of the Civil rights Act of 1964, as amended, 42 U.S.C. §2000e and 29 U.S.C. § 621, *et seq.*, The Age Discrimination in Employment Act. Jurisdiction is based upon 28 U.S.C. §1331.

3. **Plaintiff's Theories**.

The plaintiff, JUDY A. FOSTER, is a black female, over the age of forty (40). Plaintiff was employed by Defendant in 2002

1

as a certified nurse assistant. Plaintiff worked well in this capacity for over seven (7) years. After reporting to work at Defendant facility on October 24, 2009, a ward clerk asked Plaintiff if she would volunteer to leave work without pay as the census was low and too many staff members were working. Plaintiff declined but stated that she would leave the next day if too many staff members were again working and the census remained low. When Plaintiff arrived at work on October 25, 2009, she learned that there were indeed too many staff members present and some would need to leave. Plaintiff left believing that she had permission to do so.

On October 28, 2009 Plaintiff was advised that she was terminated for insubordination and walking off the job. Plaintiff alleges that younger white certified nurse assistants who walked off the job were not fired for their conduct.

4. **Defendant's Theory**

The Plaintiff, Judy Foster, was hired by Spring Meadows as a Certified Nurse Assistant on August 24, 2002. On October 24, 2009, Plaintiff expressed an interest in not working her regularly scheduled shift of October 25, 2009. The facility has a procedure for early dismissal in the event of overstaffing. Specifically, the determination as to who is relieved of duty is made on a day-to-day basis due to changes in census (the number of resident/patients in the facility) and the number of staff

2

present, taking into account any staff that may call out that day.  Judy Foster reported to work on October 25, 2009 but was not approved for early dismissal pursuant to Defendant's established procedure for determining who goes home. Once it is determined how many staff may be released, staff may volunteer to go home.  If there are more volunteers than staff permitted to leave, a drawing is held.  On October 25, 2009, there were more staff to volunteer to go home than there were permissible early dismissals.  A drawing was held as to who would go home and Judy Foster's name was not drawn.  Ms. Foster left the facility despite her name not being drawn.  Based upon Defendant's established procedure for determining early dismissal in conjunction with its policies on voluntary resignation and insubordination, Judy Foster was terminated effective October 28, 2009.

The Plaintiff was terminated by the Defendant based upon her own disciplinary record and violations of the Defendant's legitimate guidelines and code of conduct.  The Plaintiff was not terminated because of her age or her race.  Plaintiff was not treated differently than white employees who had similar conduct.  Plaintiff is not entitled to any damages in any form from the Defendant.  The Plaintiff has a duty to mitigate her damages.

    5.   **Statement of the Issues**.

    A) Is Plaintiff entitled to recover from Defendant for race

discrimination? (Jury)

B) If so, in what amount? (Jury)

C) Is Plaintiff entitled to recover from Defendant for age discrimination? (Jury)

D) If so, in what amount? (Jury)

E) Is Plaintiff entitled to recover from Defendant liquidated damages for age discrimination? (Jury)

F) If so, in what amount? (Jury)

G) Is Plaintiff entitled to recover equitable relief for lost wages (front pay)? (Court)

H) If so, in what amount? (Jury)

I) Defendant submits that the following is also an issue for the Court.

J) Is Plaintiff entitled to recover punitive damages for race discrimination?

K) If so, in what amount?

6. **Relief Sought.** Plaintiff seeks to recover lost wages past and future, lost benefits, compensatory damages and/or liquidated damages, punitive damages (race only), attorney fees and costs.


7. **Evidentiary or Legal Issues in Dispute.** The following issues are in dispute: Liability and damages are in dispute. Defendant anticipates filing a number of Motions in Limine in

4

accordance with the Court's trial scheduling order. (D.E. 39). To the extent the parties anticipate any other evidentiary issues, the parties will bring those matters to the Court's attention.

8. **Length of Trial**. It is anticipated that this matter will take three (3) to four (4) days to try.

IT IS SO ORDERED this ____ day of March, 2013.

_____
**Marvin E. Aspen
UNITED STATES DISTRICT JUDGE**

APPROVED FOR ENTRY:

*/s/ Debra A. Wall*
DEBRA A. WALL, BPR #11331
Attorney for Plaintiff
133 Franklin Street
Clarksville, TN 37040
Telephone:(931) 906-3904
Facsimile: (931)906-3908
Email: debraawall@msn.com

*/s/Kathryn W. Olita*
Kathryn W. Olita, B.P.R. #023075
Erik Fuqua, B.P.R. #029972
Attorneys for Defendant

5

```
121 South Third Street
Clarksville, Tennessee 37040
Telephone: (931)647-1501
Facsimile: (931) 553-0153
email: kwolita@batsonnolan.com
```