IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| JUDY A. FOSTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | No. 03:11-CV-01216 |
| SPRING MEADOWS HEALTH | ) | |
| CARE CENTER LLC, | ) | Judge ASPEN |
| | ) | |
| Defendant. | ) | JURY DEMAND |
| | ) | |

**DEFENDANT'S MOTION IN LIMINE #2:
TO EXCLUDE EVIDENCE AND TESTIMONY CONCERNING
OTHER VICTIMS OF ALLEGED DISPARATE TREATMENT**

Comes now Defendant, by and through counsel, and requests that this Court enter an Order restricting and limiting the evidence to be presented at trial. Specifically, Defendant requests that this Court enter an order excluding all evidence or testimony concerning other victims of alleged disparate treatment.

**Background**

In her Witness and Exhibit List, Plaintiff has identified Barbie Henderson, Yolandus Mason, Stephanie Hill, and Romonia Cobb, among others, as anticipated witnesses. See D.E. 44. Defendant anticipates that counsel for the Plaintiff may ask these witnesses about their knowledge of black employees and white employees being treated differently. Defendant also anticipates that counsel for the Plaintiff may ask these witnesses, all of whom are African Americans, whether they have ever been treated different individually than white employees.

For example, in questioning Barbie Henderson during her deposition, counsel for the Plaintiff asked, "[h]ave you ever witnessed any differences in how black employees were treated

as opposed to white employees [at Spring Meadows]?" See Henderson Depo., P. 15, Lines 3—5. Ms. Henderson responded that she had not seen any such differences in treatment but had heard of them. See Henderson Depo., P. 15, Lines 8—9. Ms. Henderson also discussed disciplinary actions taken against her allegedly as a result of another employee not liking her. See Henderson Depo., P. 16, Lines 22—25, and P. 17, Lines 1—24. Counsel for the Plaintiff then inquired as to the race of this other employee, to which Ms. Henderson responded that the other employee was white. See Henderson Depo., P. 17, Lines 8—20.

Plaintiff also addressed in these differences in her Responses to Defendant's First Set of Interrogatories. In her response to Interrogatory Number 5, Plaintiff states as follows:

> As far as Spring Meadows is concerned, if you are black there are different rules and corresponding discipline actions. Ramonia Cobb, a black employee, was suspended for three (3) days for refusing to sign her name to a falsified document and was later advised by Michelle Crowe that she could come back to work. Stephanie Hill, a black employee, was written up three weekends in a row and suspended then later advised by Michelle Crowe that she could return to work as nothing was found in the investigation.
>
> Tiawana Griffin, a black employee, applied for a job and was fired. Griffin was advised by another LPN that Keith Smith, Administrator, stated "there will never be a black working in the front office if I have anything to do with it." Since this statement, there has not been a black employee working in the front office.
>
> I overheard JoAnn talking in the breakroom state that she would take Robert Lewis's, a black employee, a** to Dover and he would never be seen. Denise Baggett also heard this statement and did not say anything to correct JoAnn.

Further, in her response to Interrogatory Number 11 providing a description of the discoverable knowledge of persons identified in her Initial Disclosures, Plaintiff stated as follows for certain individuals:

1) Tamika White, employee of Defendant, aware of preferential treatment of white employees;

2

>    …
>
>    4) Romonia Cobb, employee of Defendant, aware of preferential treatment of white employees;
>
>    5) Eulandus Mason, employee of Defendant, aware of preferential treatment of white employees.

Counsel for the Plaintiff asked related questions to other individuals deposed in this matter.

## Law & Analysis

Evidence or testimony concerning other victims of alleged disparate treatment as it has arisen here is merely another type of "me too" evidence. Some of these individuals discuss instances in which they may have been treated differently because of their race while others discuss instances of different treatment that they may have heard about.

"Me too" evidence is analyzed for admissibility under Rules of Evidence 401—403. See Schrand v. Federal Pacific Electric Co., 851 F.2d 152, 155—56 (6th Cir. 1988). Pursuant to Fed. R. Evid. 401, evidence is relevant if:

>    (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and
>
>    (b) the fact is of consequence in determining the action.

Here, this testimony and these witnesses are merely being offered in an attempt to paint a picture of Spring Meadows as an employer who habitually discriminates based on race. However, this evidence is vague and abstract and has no connection to the present case. These generalized and speculative instances of alleged discriminatory conduct do not make it more or less probable that the Plaintiff was discharged because of her race. Plaintiff has not alleged that she was subject to a hostile work environment. Instead, she has alleged individualized discrimination based on her termination from Spring Meadows. Because this evidence and testimony is not relevant, it

3

should be excluded.  See Fed. R. Evid. 402.

Nevertheless, even if such evidence has some relevance, it should be excluded under Rule 403.  As the Sixth Circuit acknowledged in Schrand, in an age discrimination case, "even strongest jury instructions could not have dulled the impact of a parade of witnesses, each recounting his contention that defendant had laid him off because of his age."  See 851 F.2d at 156 (citing Haskell v. Kaman Corp., 743 F.2d 113, 122 (2d Cir 1984)).  This same reasoning applies to the race-related comments here.  Again, this case is concerned with Plaintiff's individual termination alone, and this evidence could unfairly and improperly sway the jury on this sole issue.

Therefore, for the reasons stated above, Defendant requests that the Court enter an order excluding all evidence or testimony concerning other victims of alleged disparate treatment.

>                             Respectfully submitted,
>
>                             BATSON NOLAN PLC
>
>                             By: /s/ Kathryn W. Olita
>                                 Kathryn W. Olita, BPR No. 023075
>                                 Erik Fuqua, BPR No. 029972
>                                 121 South Third Street
>                                 Clarksville, Tennessee 37040
>                                 (931) 647-1501

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing has been delivered to the following persons via the Court's electronic filing system or other appropriate means:

      Debra A. Wall
      133 Franklin Street
      Clarksville, TN 37040
      *Attorney for Plaintiff*

      and

      Marvin E. Aspen
      United States District Court Judge
      219 South Dearborn Street
      Chicago, IL 60604
      Telecopier: 312-554-8515

on this  22nd  day of March, 2013.

                BATSON NOLAN


                By:  /s/ Kathryn W. Olita