IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| JUDY A. FOSTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | No. 03:11-CV-01216 |
| SPRING MEADOWS HEALTH ) | |
| CARE CENTER LLC, ) | Judge ASPEN |
| ) | |
| Defendant. ) | JURY DEMAND |
| ) | |

**DEFENDANT'S MOTION IN LIMINE #3:
TO EXCLUDE EVIDENCE AND TESTIMONY CONCERNING
ALLEGEDLY SIMILARLY SITUATED EMPLOYEES**

Comes now Defendant, by and through counsel, and requests that this Court enter an Order restricting and limiting the evidence to be presented at trial. Specifically, Defendant requests that this Court enter an order excluding evidence or testimony concerning allegedly similarly situated employees.

**Background**

In both pleadings and deposition testimony, Plaintiff has referenced numerous alleged similarly situated employees who were treated differently than Plaintiff. In her Response to Defendant's Motion for Summary Judgment, Plaintiff identified Sherry Green, Sara Hughes, and Jamie Vokelich as similarly situated employees. See D.E. 29 at 4—7. Plaintiff discussed these individuals in her deposition. See Foster Depo., Pages 106—108. Barbie Henderson also discussed these individuals in her deposition. See Henderson Depo., Pages 13—14.

The record in this case reflects that Hughes and Vokelich repeatedly violated Spring Meadows's attendance policy. See D.E. 28, Attach. 3, Pages 33—63, and D.E. 28, Attach. 4,

Exhibits 6—31. Hughes and Vokelich were counseled for absenteeism on numerous occasions, and their files contain corresponding disciplinary forms. See id. Neither Hughes nor Vokelich were terminated during the relevant time.

**Law & Analysis**

In order to use better treatment of a comparable non-protected person as a requisite element in a disparate treatment case, a plaintiff must produce evidence which at least establishes (1) that a plaintiff was a member of a protected class and (2) that for the same or similar conduct a plaintiff was treated differently than similarly-situated non-minority employees. Mitchell v. Toledo Hosp., 964 F.2d 577, 582—83 (6th Cir. 1992). In order to make a comparison of treatment under the second part of this analysis, a plaintiff must show that the "comparables" are similarly-situated in all respects. Id. at 583. More specifically, to be deemed similarly-situated, the comparables must have dealt with the same supervisor, have been subject to the same standards, and have engaged in the same conduct as the plaintiff without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it. Id.

Since Mitchell, the Sixth Circuit has refused to narrowly construe Mitchell to the extent that a plaintiff must establish a comparison between the employment status of a plaintiff and other employees in every single aspect of their employment. See, e.g., Ercegovich v. Goodyear Tire & Rubber Co., 154 F.3d 344, 352 (6th Cir. 1998). Recognizing that disparate treatment cases can arise under a variety of circumstances, Ercegovich generalized the Mitchell rule to merely require a plaintiff to prove that all of the relevant aspects of her employment situation were nearly identical to those of the non-minority employment situation. See id. Nevertheless,

Ercegovich acknowledged that, as Mitchell involved allegedly discriminatory disciplinary action resulting in the termination of the plaintiff's employment, the factors listed in Mitchell are generally all relevant considerations in cases alleging differential disciplinary action. Id.

In Mitchell, the plaintiff alleged discrimination based on race and age after she was terminated from her employment when she hid important hospital forms under her desk and denied knowledge of their location to her supervisor. Mitchell, 964 F.2d at 580. In presenting her *prima facie* claim of disparate treatment, the plaintiff claimed two allegedly similarly-situated non-minority employees were treated better than her. Specifically, one non-minority employee had a poor attendance record, and another non-minority employee cursed at her team leader on one occasion. Id. at 583. Neither of these employees was fired. Id. The Sixth Circuit rejected this attempted comparison, noting that the plaintiff had produced no evidence that these other employees were "similarly-situated in all respects." Id. at 584.

Here, both Hughes and Vokelich had problems with absenteeism. As this Court has already recognized, the distinction between failing to show up for work as scheduled in a timely fashion and leaving without prior authorization is meaningful. See D.E. 40 at 15, n.7. Keith Smith testified that Hughes and Vokelich were disciplined under Spring Meadows's attendance control policy. See Smith Depo., Pages 84—87. Plaintiff was not disciplined under this policy. As such, Hughes and Vokelich have not "engaged in the same conduct as the plaintiff without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it." C.f. Mitchell, 964 F.2d at 583. Therefore, Hughes and Vokelich are not similarly situated in all respects.

Because Hughes and Vokelich do not fit within the similarly situated framework,

3

Defendant requests that the Court enter an order excluding evidence or testimony concerning their conduct and Spring Meadows's disciplinary response to their conduct.

Respectfully submitted,

BATSON NOLAN PLC

By: /s/ Kathryn W. Olita
Kathryn W. Olita, BPR No. 023075
Erik Fuqua, BPR No. 029972
121 South Third Street
Clarksville, Tennessee 37040
(931) 647-1501

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been delivered to the following persons via the Court's electronic filing system or other appropriate means:

>Debra A. Wall
>133 Franklin Street
>Clarksville, TN 37040
>*Attorney for Plaintiff*

>and

>Marvin E. Aspen
>United States District Court Judge
>219 South Dearborn Street
>Chicago, IL 60604
>Telecopier: 312-554-8515

on this  22nd  day of March, 2013.

BATSON NOLAN

By:  /s/ Kathryn W. Olita