# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | | |
|---|---|---|
| JUDY A. FOSTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | No. 03:11-CV-01216 |
| SPRING MEADOWS HEALTH | ) | |
| CARE CENTER LLC, | ) | Judge ASPEN |
| | ) | |
| Defendant. | ) | JURY DEMAND |
| | ) | |

## DEFENDANT'S MOTION IN LIMINE #5:
## TO LIMIT THE TESTIMONY OF BARBIE HENDERSON
## TO FACTS WITHIN HER PERSONAL KNOWLEDGE

Comes now Defendant, by and through counsel, and requests that this Court enter an Order restricting and limiting the evidence to be presented at trial. Specifically, Defendant requests that this Court enter an order limiting the testimony of Barbie Henderson to facts within her personal knowledge.

During her deposition, Barbie Henderson testified about certain topics that were outside of her personal knowledge. First, Ms. Henderson stated multiple times "everybody knew" Plaintiff was going to leave on Sunday, October 25, 2009. See Henderson Depo., Page 11, Lines 5—22. This assertion was unqualified, and Ms. Henderson did not explain just who she believed knew Plaintiff was going to leave and how she was aware of this knowledge. Second, Ms. Henderson discussed Sara Hughes and Sherry Green walking out on the job. See Henderson Depo., Pages 13—14. However, Ms. Henderson admitted she had no personal knowledge of these instances but instead heard about them from other individuals. See Henderson Depo., Page 19, 21. Finally, Ms. Henderson discussed Briana Baker, a former African American employee

with Spring Meadows, being fired. See Henderson Depo., Page 16, Lines 4—15. Again, Ms. Henderson subsequently admitted having no personal knowledge of this termination. See Henderson Depo., Page 22, Lines 5—25.

Pursuant to Rule 602, "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Here, Ms. Henderson has no personal knowledge of any of these facts. Instead, she heard about these instances through conversations with other people. Therefore, Defendant requests that the Court enter an order limiting the testimony of Barbie Henderson to facts within her personal knowledge.

Respectfully submitted,

BATSON NOLAN PLC

By: /s/ Kathryn W. Olita
Kathryn W. Olita, BPR No. 023075
Erik Fuqua, BPR No. 029972
121 South Third Street
Clarksville, Tennessee 37040
(931) 647-1501

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing has been delivered to the following persons via the Court's electronic filing system or other appropriate means:

      Debra A. Wall
      133 Franklin Street
      Clarksville, TN 37040
      *Attorney for Plaintiff*

      and

      Marvin E. Aspen
      United States District Court Judge
      219 South Dearborn Street
      Chicago, IL 60604
      Telecopier: 312-554-8515

on this  22nd  day of March, 2013.

                                        BATSON NOLAN

                                        By:  /s/ Kathryn W. Olita