| | |
|---|---|
| JUDY A. FOSTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:11-cv-01216 |
| | ) Judge Haynes/Magistrate Bryant |
| | ) |
| SPRING MEADOWS HEALTH | ) |
| CARE CENTER, LLC, | ) JURY DEMAND |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTIONS IN LIMINE

Comes now Plaintiff Judy Foster and in response to Defendant's Motions in Limine would state as follows:

### Motion in Limine #1

Plaintiff intends to have Sara Hughes testify in person. Thus, Hughes will be testifying upon matters within her personal knowledge. Such will not be hearsay.

Plaintiff's claims for discrimination, race and age, are based upon younger white employees being disciplined less severely or not at all for conduct similar to the complained of actions of Plaintiff. One of the younger white women at issue is Sara Hughes.

### LAW AND ARGUMENT

Plaintiff anticipates that Hughes will testify that she

1

violated the policies of Defendant in attempting to lift a
patient without a lift, that she dropped the patient, that the
patient died as a result thereof, and that she was not
disciplined for this conduct. Plaintiff was fired for leaving the
facility, by Defendant's account, without telling anyone.
According to Defendant's Termination Memorandum, this conduct had
the <u>potential</u> to cause harm to patients. However, Hughes'
violation of policy <u>caused</u> harm. Foster is fired and Hughes is
not even written up.

In *Coleman v. Donahoe, 667 F.3d 835 (7th Cir. 2012),* the
plaintiff was fired after 32 years of service for telling her
psychiatrist that she was having thoughts of killing her
supervisor. However, two males had recently threatened another
employee at knife point and received only one week suspensions.
The Postal Service maintained a no tolerance policy for threats
to employees. The Postal Service maintained that these were not
appropriate comparators because the threats of the men were
viewed as an isolated incident and were just 'horseplay'. In
reversing the trial court, the Seventh Circuit envisioned cases
where:

> [t]o require that employees always have to
> engage in the exact same offense as a
> prerequisite for finding them similarly
> situated would result in a scenario where
> evidence of favorable treatment of an employee
> who has committed a different but more serious,
> perhaps even criminal offense, could never be
> relevant to prove discrimination.

2

Citing *Torgerson v. City of Rochester, 643 F.3d 1031 (8th Cir. 2011)(en banc)(abrogated on other grounds).*

In the case before this Court, Foster is accused of conduct that might have lead to harm - while Hughes committed policy violations that did lead to serious injury and death. Such is relevant in this matter and should be heard by the jury.

Plaintiff submits that said Motion is not taken well and should be denied.

## Motion in Limine #2

Plaintiff does not intend to ask questions of witnesses without personal knowledge. However, Plaintiff does intend to ask witnesses who have advised that they have been treated more severely than white employees for the same conduct of such matters and their observations of Plaintiff's treatment.

### LAW AND ARGUMENT

Me too evidence is admissible in discrimination cases and may be the only way a plaintiff can show discrimination.

In *Bandera v. City of Quincy, 344 F.3d 47 (1st Cir. 2003)*, a sexual harassment lawsuit, the trial court ruled that witnesses could testify about their own experiences. The First Circuit held that:

> Coletta's recitation of her own experience
> was relevant. The most obvious relevance
> of Coletta's testimony-that she had suffered
> similar harassment and reported it to Frane-was
> to show liability on the part of supervisory

3

officers...

Similarly, in an Age Discrimination in Employment case, *Minshall v. McGraw Hill Broadcasting Company, Inc., 323 F.3d 1273 (10th Cir. 2003),* evidence that other older employees were treated adversely was admissible and supported the jury finding of discrimination. See also, *Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133 (2000)*(Oswalt, roughly 24 years younger than petitioner, corroborated that there was an "obvious difference" in how Chestnut treated them).

Plaintiff does not intend to ask the same questions as she did in the discovery depositions, nor does she intend to ask questions about subjects she knows witnesses do not have personal knowledge thereof. Plaintiff does intend to ask about witnesses observations of Plaintiff's treatment, disparities in treatment, and how black employees were treated at Spring Meadows.

## Motion in Limine #3

_____Plaintiff alleges that she, an older black female, was treated more harshly in disciplinary actions that younger white employees.

## LAW AND ARGUMENT

To satisfy the similarly-situated requirement, a plaintiff must demonstrate that the comparable employee is similar "in all of the relevant aspects." *Ercegovich v. Goodyear Tire & Rubber*

4

*Co., 154 F.3d 344, 352 (6ᵗʰ Cir. 1998)*. The Sixth Circuit stated in *Ercegovich*:

> The plaintiff need to demonstrate as exact correlation with the employee receiving more favorable treatment in order for the two to be considered "similarly-situated;" rather, as this court has held in Pierce [v. Commonwealth Life Ins. Co., 40 F.3d 796, 802 (6thCir. 1994)], the plaintiff and the employee with whom the plaintiff seeks to compare himself or herself must be similar in "all of the relevant aspects."

*Martin v. Toledo Cardiology Consultants, Inc., 548 F.3d 405 (6ᵗʰ Cir. 2008)*. A plaintiff need only show that she and her proposed comparators engaged in acts of comparable seriousness. *Bobo v. United Parcel Serv., Inc., 665 F.3d 741, 751 (6ᵗʰ Cir. 2012); Kucia v. Southeast Arkansas Community Action corporation, 284. F.3d 944 (8ᵗʰ Cir. 2002)* (although not identically situated to plaintiff, these employees were sufficiently "similarly situated" to allow the jury to draw inferences from the disparate treatment); *Coleman v. Donahoe, 667 F.3d 835 (7ᵗʰ Cir. 2012); Peirick v. Indiana University-Purdue University Indianapolis, 510 F.3d 681, 689 (7ᵗʰ Cir. 2007)* (university tennis coach accused of using abusive language, unsafe driving, leaving students behind during a road trip and pitting students against administration was similarly situated to coached who did not engage in the exact same conduct but who violated the very same rules); *Ezell v. Potter, 400 F.3d 1041, 1050 (7ᵗʰ Cir. 2005)* ( mail carrier accused of taking too long a lunch was similarly situated to another

carrier who had lost a piece of certified mail); *Rodgers v. White, 657 F.3d 511 (7ᵗʰ Cir. 2011)*( a supervisor may even be a similar-situated comparator).

In this case, Plaintiff, Hughes and Vokevich were all CNAs or certified nurse assistants, were all supervised by the same supervisor and were all held to the very same standards. They are sufficiently "similarly situated" to allow the jury to draw inferences as to any disparate treatment. Such issues are the province of the jury. *Coleman v. Donahue, 667 F.3d 835 (7ᵗʰ Cir. 2012).*

Plaintiff submits that said Motion is not taken well and should be denied.

### Motion in Limine #4

Plaintiff has identified as a potential exhibit Defendant's spreadsheet showing the names, positions, ages and race of Defendant's own employees.

### LAW AND ARGUMENT

Plaintiff does not intend to use this spreadsheet as statistical evidence to show the racial makeup at Defendant. This is a disparate treatment case not a disparate impact case. Plaintiff may use this race to show the race and/or position of employees not present for trial.

Plaintiff submits that said Motion is not taken well and should be denied.

### Motion in Limine #5

_____Plaintiff does not intend to ask Ms. Henderson about Sara Hughes. Ms. Hughes has been located and will appear in person at trial. A proper foundation will be laid for Ms. Henderson as to how everyone knew that Plaintiff was leaving on Sunday.  As to the matters Ms. Henderson does not have personal knowledge of, these facts will be gleamed from other witnesses.

                          Respectfully submitted,


                          */s/ Debra A. Wall*

                          _____
                          Debra A. Wall, BPR #11331
                          Attorney for Plaintiff
                          133 Franklin Street
                          Clarksville, TN   37040
                          Tele. (931) 906-3904
                          Fax (931) 906-3908
                          E-mail debraawall@msn.com




                    **CERTIFICATE OF SERVICE**

     The undersigned hereby certifies that a true and correct copy of the Response to Motions in Limine has been sent to undersigned counsel via the court's electronic filing system:

     Kathryn W. Olita, BPR 023075
     Erik Fuqua, BPR No. 029972
     Counsel for Defendants
     121 South Third Street
     Clarksville, Tennessee 37040

on the 29th day of March, 2013.

_____    */s/ Debra A. Wall*
                                      Debra A. Wall