# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### AT NASHVILLE

| | | |
|---|---|---|
| JUDY A. FOSTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | No.:3-11-1216 |
| SPRING MEADOWS HEALTH | ) | |
| CARE CENTER LLC, | ) | Judge ASPEN |
| | ) | |
| Defendant. | ) | JURY DEMANDED |
| | ) | |

## PROPOSED JURY INSTRUCTIONS

Pursuant to this court's Order and Local Rule 51.01, the Defendant requests that in addition to the court's general jury instructions, the court instruct the jury as set forth in the attached Proposed Jury Instructions.

Dated: April 5, 2013.

BATSON NOLAN PLC

By: /s/ Kathryn W. Olita
      Kathryn W. Olita, BPR No. 023075
      Erik Fuqua, BPR No. 029972
      121 South Third Street
      Clarksville, Tennessee 37040
      (931) 647-1501

# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## AT NASHVILLE

| | | |
|---|---|---|
| JUDY A. FOSTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | No.:3-11-1216 |
| SPRING MEADOWS HEALTH | ) | |
| CARE CENTER LLC, | ) | Judge ASPEN |
| | ) | |
| Defendant. | ) | JURY DEMANDED |
| | ) | |

## STATEMENT OF THE CASE AND ISSUES TO BE DETERMINED

The Plaintiff in this action, Judy Foster, was employed by defendant, Spring Meadows Health Care Center, LLC. Ms. Foster claims that Spring Meadows unlawfully terminated employment on the basis of her race and her age.

Spring Meadows contends that Ms. Foster's termination was lawful and that she was terminated for a reason unrelated to her race or her age—namely, that while on shift as a Certified Nurse Assistant, she left Spring Meadows without permission to do so and abandoned her patient care. Specifically, Spring Meadows contends it terminated Plaintiff because it believed Ms. Foster intentionally left the facility without permission to do so and because abandonment of patient care is a serious violation of Spring Meadows policy.

The issues in this case are as follows:

1. Whether the person or persons making the decision to terminate Plaintiff was motivated by Plaintiff's race or age.

2. Whether Spring Meadows had a legitimate, non-discriminatory reason or reasons for terminating Plaintiff.

3. Whether the reason(s) identified by Spring Meadows as to why it terminated Plaintiff was merely a pretext or ruse for terminating Plaintiff because it had racial or age animus against Plaintiff.

BATSON NOLAN PLC

By: /s/ Kathryn W. Olita
      Kathryn W. Olita, BPR No. 023075
      Erik Fuqua, BPR No. 029972
      121 South Third Street
      Clarksville, Tennessee 37040
      (931) 647-1501

ACCEPT: _____

REJECT: _____

JUDGE: _____

# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## AT NASHVILLE

JUDY A. FOSTER,      )
            )
       Plaintiff,      )
            )
vs.             )
            )    No.:3-11-1216
SPRING MEADOWS HEALTH      )
CARE CENTER LLC,      )    Judge ASPEN
            )
       Defendant.      )    JURY DEMANDED
            )

## <u>DISCRIMINATION – GENERALLY</u>

Judy Foster alleges Spring Meadows terminated her on the basis of her race in violation of Title VII. Under Title VII it is unlawful for an employer to intentionally take adverse employment action against any person because of such person's race. This provision does not, however, provide employees special rights or privileges in connection with their employment because of their race.

To establish a case of racial discrimination, Ms. Foster must first establish what is known as a "prima facie" case. If Ms. Foster does this, then Spring Meadows must articulate a legitimate, non-discriminatory reason for its employment decision. Ms. Foster must then prove that Spring Meadows' non-discriminatory reason was a pretext for discrimination; or, in other words, that Spring Meadows' stated reason for terminating the Plaintiff was not the real reason for the employment decision, and the real determining factor was Ms. Foster's race. At all times the burden to prove discrimination by a preponderance of the evidence rests with Ms. Foster.

The terms "prima facie case," "legitimate non-discriminatory reason," and "pretext" will be defined later in this charge.

McNamara & Southerland, *Federal Employment Jury Instructions* (2006), § 2:270, as modified;

McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); Wright

v. Murray Guard, Inc., 455 F.3d 702, 709 (6th Cir. 2006).

BATSON NOLAN PLC

By: /s/ Kathryn W. Olita
    Kathryn W. Olita, BPR No. 023075
    Erik Fuqua, BPR No. 029972
    121 South Third Street
    Clarksville, Tennessee 37040
    (931) 647-1501

ACCEPT: _____

REJECT: _____

JUDGE: _____

**IN THE UNITED STATES DISTRICT COURT**

# MIDDLE DISTRICT OF TENNESSEE
## AT NASHVILLE

JUDY A. FOSTER,             )
                              )
      Plaintiff,          )
                              )
vs.                       )
                              )   No.:3-11-1216
SPRING MEADOWS HEALTH   )
CARE CENTER LLC,        )   Judge ASPEN
                              )
      Defendant.       )   JURY DEMANDED
                              )

## **PRIMA FACIE CASE**

In order to establish a prima facie case of discrimination, Judy Foster must prove that: (1) she is a member of a protected class; (2) her job performance met Spring Meadows' legitimate expectations; (3) she suffered an adverse employment action; and (4) at least one similarly-situated employee not in her protected class was treated more favorably.   If Plaintiff does not prove each element of her *prima facie* case by a preponderance of the evidence then you must find for the Defendant.

(D.E. 40); McDonnell Douglas Corp., 411 U.S. at 802, 93 S. Ct. at 1824; Tuttle v. Metro. Gov't of Nashville, 474 F.3d 307, 317 (6th Cir. 2007).

BATSON NOLAN PLC

By: /s/ Kathryn W. Olita
      Kathryn W. Olita, BPR No. 023075
      Erik Fuqua, BPR No. 029972
      121 South Third Street
      Clarksville, Tennessee 37040
      (931) 647-1501

ACCEPT: _____

REJECT: _____

JUDGE: _____
## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| JUDY A. FOSTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | No.:3-11-1216 |
| SPRING MEADOWS HEALTH | ) | |
| CARE CENTER LLC, | ) | Judge ASPEN |
| | ) | |
| Defendant. | ) | JURY DEMANDED |
| | ) | |

## LEGITIMATE, NON-DISCRIMINATORY REASON

The Defendant Employer has articulated a legitimate non-discriminatory reason for its adverse employment action where the Employer had an honest, good faith, belief or reasonably relied upon particular facts in making its adverse action, even if it turns out that the Defendant Employer was mistaken in that belief. If you find that abandonment of patient care is a legitimate reason for the Plaintiff's termination and the Defendant did, in fact, have an honest belief that she left the facility without authorization and such was the basis for her termination, then you must return a verdict for the Defendant on the charge that the Plaintiff was wrongfully terminated.

In this case, the ultimate burden of persuading the jury remains at all times with Plaintiff to show that Spring Meadows intentionally discriminated against her because of her race. Spring Meadows, therefore, is not required to prove that its decision actually was motivated by the stated legitimate, non-discriminatory reason. Nor must Spring Meadows prove the absence of a discriminatory motive.

Braithwaite v. Timkin Co., 258 F.3d 488, 494 (6th Cir. 2001); *Model Jury Instructions: Employment Litigation*, § 1.02[3][a], [b], as modified, Litigation Section - American Bar Association (1994); Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36

L.Ed.2d 668 (1973); <u>Kraus v. Soble Corrugated Containers, Inc.</u>, 915 F.2d 227, 229-30 (6th Cir. 1990).

                                BATSON NOLAN PLC

                                By: <u>/s/ Kathryn W. Olita</u>
                                        Kathryn W. Olita, BPR No. 023075
                                        Erik Fuqua, BPR No. 029972
                                        121 South Third Street
                                        Clarksville, Tennessee 37040
                                        (931) 647-1501

ACCEPT: _____

REJECT: _____

JUDGE:  _____

# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## AT NASHVILLE

| | | |
|---|---|---|
| JUDY A. FOSTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | No.:3-11-1216 |
| SPRING MEADOWS HEALTH | ) | |
| CARE CENTER LLC, | ) | Judge ASPEN |
| | ) | |
| Defendant. | ) | JURY DEMANDED |
| | ) | |

## PRETEXT

To prevail, Ms. Foster must prove by a preponderance of the evidence that the reason given by Spring Meadows for its decision to terminate her was a pretext for discrimination. A pretext is a reason asserted in order to disguise or hide the truth. Here, a pretext means that the reason which Spring Meadows asserts motivated its' decision to terminate Plaintiff was in fact not the actual reason but a cover-up for race discrimination. To establish pretext, Ms. Foster must allege more than a dispute over the facts upon which her termination was based. Instead, she must put forth evidence which demonstrates that Spring Meadows did not honestly believe in the proffered non-discriminatory reason for terminating her. Where an employer had an honest, good faith belief, or reasonably relied upon particular facts in making its adverse action, it is not a pretext for discrimination. At all times, the Plaintiff has the burden of proving by a preponderance of the evidence that the reason asserted by Spring Meadows was a pretext used to hide the fact that the decision-maker's or decision-makers' action in terminating the Plaintiff was motivated by the fact that Plaintiff is African-American.

Plaintiff can prove pretext in one of three ways: (1) by showing that the proffered reasons had no basis in fact; (2) by showing that the reasons did not actually motivate Spring Meadows'

conduct; or (3) by showing that the reasons were insufficient to warrant the challenged conduct. The ultimate question is whether Plaintiff has proven by a preponderance of the evidence that Spring Meadows terminated her on the basis of her race. If you find that she has done so, you will find for Plaintiff. If you find that she has not, you will find for Spring Meadows.

McNamara & Southerland, *Federal Employment Jury Instructions* (2006), § 3:251; *Model Jury Instructions: Employment Litigation*, § 1.02[3][a], as modified, Litigation Section - American Bar Association (1994); McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973).

BATSON NOLAN PLC

By: /s/ Kathryn W. Olita_____
     Kathryn W. Olita, BPR No. 023075
     Erik Fuqua, BPR No. 029972
     121 South Third Street
     Clarksville, Tennessee 37040
     (931) 647-1501

ACCEPT: _____

REJECT: _____

JUDGE:  _____

# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## AT NASHVILLE

JUDY A. FOSTER,          )
                             )
        Plaintiff,       )
                             )
vs.                       )
                             )    No.:3-11-1216
SPRING MEADOWS HEALTH   )
CARE CENTER LLC,       )    Judge ASPEN
                             )
        Defendant.     )    JURY DEMANDED
                             )

## INTENTIONAL DISCRIMINATION

To determine whether the Employer intentionally discriminated against the Employee under Title VII, you must decide whether race accounted for the Employer's decision to terminate the Employee.   In other words, you must decide if the same events would have transpired or the same adverse action taken place if Ms. Foster would have been of a different race and everything else had been the same.

Gehring v. Case Corp., 43 F.3d 340, 344 (7th Cir. 1994).

BATSON NOLAN PLC

By: /s/ Kathryn W. Olita
        Kathryn W. Olita, BPR No. 023075
        Erik Fuqua, BPR No. 029972
        121 South Third Street
        Clarksville, Tennessee 37040
        (931) 647-1501

ACCEPT: _____

REJECT: _____

JUDGE:  _____

# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## AT NASHVILLE

| | | |
|---|---|---|
| JUDY A. FOSTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | No.:3-11-1216 |
| SPRING MEADOWS HEALTH | ) | |
| CARE CENTER LLC, | ) | Judge ASPEN |
| | ) | |
| Defendant. | ) | JURY DEMANDED |
| | ) | |

## EVIDENCE OF DISCRIMINATION

To demonstrate direct evidence of discriminatory animus under Title VII, the Plaintiff must show conduct or statements by persons involved in the decision making process that may be viewed as directly reflecting the alleged discriminatory attitude.   However, stray remarks in the workplace, statements by non-decision makers, or decision makers unrelated to the decisional process itself are not sufficient to satisfy the Plaintiff's burden in this regard.   If you find that Ms. Foster has not established by a preponderance of the evidence that persons making employment decisions adversely affecting her demonstrated discriminatory animus toward her, you shall find for Spring Meadows.

Newman v. Federal Exp. Corp., 266 F.3d 401 (6th Cir., 2001) and Cesaro v. Lakeville Comm. Sch. Dist., 953 F. 2d 252 (6th Cir. 1992); Starceski v. Westinghouse Electric Corp., 54 F.3d 1089 1096 (3rd Cir. 1995).

BATSON NOLAN PLC

By: /s/ Kathryn W. Olita
   Kathryn W. Olita, BPR No. 023075
   Erik Fuqua, BPR No. 029972
   121 South Third Street
   Clarksville, Tennessee 37040
   (931) 647-1501

ACCEPT: _____

REJECT: _____

JUDGE:  _____

# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### AT NASHVILLE

JUDY A. FOSTER,          )
                          )
      Plaintiff,       )
                          )
vs.                   )
                          )    No.:3-11-1216
SPRING MEADOWS HEALTH    )
CARE CENTER LLC,       )    Judge ASPEN
                          )
      Defendant.     )    JURY DEMANDED
                          )

## DEFENDANT'S GOOD FAITH BELIEF THAT PLAINTIFF ENGAGED IN WRONGDOING

Where an employer acts upon a good faith belief that a Plaintiff engaged in the conduct complained of, the Plaintiff cannot prevail by simply arguing that she did not engage in that conduct or that her conduct was not as egregious as believed by employer. If the employer honestly believed in the non-discriminatory reason it relied on in making its employment decision, and that honest belief was reasonably based on particularized facts and not based on ignorance or prejudice, then the employer lacked discriminatory intent. Thus, even if you believe that Spring Meadows was incorrect in its finding that Plaintiff's conduct was a violation of policy by leaving without permission to do so and abandonment of patient care, this error does not constitute evidence of pretext if Spring Meadows' reason for terminating Plaintiff was based on a reasonable and honest belief that Plaintiff had in fact engaged in this wrongdoing.

White v. Simpson Industries, Inc., 1 Fed. Appx. 462, 466 (6th Cir. 2001) (citing Smith v. Chrysler Corp., 155 F.3d 799, 806-07 (6th Cir. 1998)).

BATSON NOLAN PLC

By: /s/ Kathryn W. Olita
      Kathryn W. Olita, BPR No. 023075
      Erik Fuqua, BPR No. 029972
      121 South Third Street
      Clarksville, Tennessee 37040
      (931) 647-1501

ACCEPT: _____

REJECT: _____

JUDGE:   _____

# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## AT NASHVILLE

JUDY A. FOSTER,                   )
)
      Plaintiff,          )
)
vs.                         )
)     No.:3-11-1216
SPRING MEADOWS HEALTH   )
CARE CENTER LLC,        )     Judge ASPEN
)
      Defendant.       )     JURY DEMANDED
)

## DIFFERENT TREATMENT OF A "SIMILARLY SITUATED" INDIVIDUAL

The Plaintiff may try to raise an inference of racial animus by offering evidence comparing herself to "similarly situated" individuals who are not a member of her protected class, and who she claims were treated more favorably than Plaintiff. If Plaintiff contends that there is an individual who received more favorable treatment than she received and asserts this is evidence of discrimination, she must prove that such an individual is "similarly situated" to Plaintiff. In order to show that an individual is similarly situated, plaintiff must prove that ***all of the relevant aspects*** of Plaintiff's employment situation are ***nearly identical*** to those of the individual who she alleges was treated more favorably. The similarity must exist in all relevant aspects of their respective employment circumstances, including in each of the following areas:

- That individual and the Plaintiff must be without such differentiating or mitigating circumstances that would distinguish their conduct or the defendant's treatment of them for it. In other words, if there are reasons that explain why a defendant treated one employee differently than the Plaintiff, then the Plaintiff and that employee are not similarly situated, and thus the Plaintiff cannot use a comparison to that employee to prove her discrimination claim.

- That individual must have engaged in conduct nearly identical to the conduct in which the Plaintiff engaged.

- That individual and Plaintiff must have dealt with the same decision-maker or makers concerning the employment decisions at issue, must have been subject to the same standards, and must have engaged in the same conduct.

- That individual also must have been on the same employment level as Plaintiff. In other words, Plaintiff (who was a CNA) cannot compare herself to an employee who was not a CNA.

Only if you find that such an individual is similarly situated to Plaintiff, as outlined above, can there be an inference of discriminatory animus drawn from comparing the treatment Plaintiff received to the treatment that the other individual received.

Pierce v. Commonwealth, 40 F.3d 796, 802 (6th Cir. 1994); Mitchell v. Toledo Hospital, 964 F.2d 577, 583 (6th Cir. 1992); Hardy v. Eastman Chemical, Co., 50 Fed. Appx. 739, 742-43, (6th Cir. 2002).

BATSON NOLAN PLC

By: /s/ Kathryn W. Olita_____
      Kathryn W. Olita, BPR No. 023075
      Erik Fuqua, BPR No. 029972
      121 South Third Street
      Clarksville, Tennessee 37040
      (931) 647-1501

ACCEPT: _____

REJECT: _____

JUDGE: _____

# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## AT NASHVILLE

| | | |
|---|---|---|
| JUDY A. FOSTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | No.:3-11-1216 |
| SPRING MEADOWS HEALTH | ) | |
| CARE CENTER LLC, | ) | Judge ASPEN |
| | ) | |
| Defendant. | ) | JURY DEMANDED |
| | ) | |

## BUSINESS JUDGMENT

When deciding Ms. Foster's claims, you must keep in mind that an employer is entitled to make business decisions for any reason, whether good or bad, so long as those decisions are not motivated by a factor that is illegal, such as racial discrimination. Accordingly, Spring Meadows is entitled to make its own subjective personnel decisions, regardless of whether or not you agree with the decision, and can take employment actions against an employee for any reason that is not discriminatory. The law does not require any employer to make perfect decisions and does not punish employers for making decisions with which others may disagree. You may not focus on whether the defendant's business judgment was sound. Importantly, the law does not require that the decisional process used by the employer be optimal or that the employer leave no stone unturned. The key inquiry is whether the employer made a reasonably informed and considered decision before taking action against an employee. With that in mind, it is not your function as jurors to second-guess the decision that Spring Meadows made with regard to Ms. Foster if that decision was otherwise lawful. Likewise, you may not find for Ms. Foster and against Spring Meadows just because you may disagree with its stated reasons for terminating Ms. Foster, or because you believe that the decisions were harsh or unreasonable. Instead, your function is to

determine only whether in making its decision, Spring Meadows broke the law by permitting discriminatory animus to be a substantial factor in that decision. The relevant question is not whether you would have made the same decision as the defendant if you had been standing in the defendant's shoes when deciding how to discipline the Plaintiff. So, you are instructed not to focus on whether or not you would have made the same decision. Instead, the relevant question is simply whether the defendant's stated reason or reasons were a pretext for illegal discrimination. You must bear in mind that the focus of your decision must be on the employer's motivation (i.e., whether or not the employer acted upon discriminatory animus) and not on the employer's exercise of its business judgment.

3 O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions* § 171.75 (5th ed.); McNamara & Southerland, *Federal Employment Jury Instructions* (2006), §3:361 (as modified); <u>Texas Dept. of Community Affairs v. Burdine</u>, 450 U.S. 248, 259 (1981); <u>Furnco Constr. Corp. v. Waters</u>, 438 U.S. 567, 576 (1978); <u>Norbuta v. Loctite Corp.</u>, 1 Fed. Appx. 305, 314 (6th Cir. 2001); <u>Smith v. Chrysler Corp.</u>, 155 F.3d 799, 807 (6th Cir.1998); <u>Hartsell v. Keys</u>, 87 F.3d 795, 801 (6th Cir. 1996); <u>Walker v. AT&T Technologies</u>, 995 F.2d 846, 849 (8th Cir. 1993). <u>Cupp v. Flour Fernald, Inc.</u>, 2006 WL 462446 at *11 (S.D. Ohio Feb. 24, 2006).

BATSON NOLAN PLC

By: /s/ Kathryn W. Olita
       Kathryn W. Olita, BPR No. 023075
       Erik Fuqua, BPR No. 029972
       121 South Third Street
       Clarksville, Tennessee 37040
       (931) 647-1501

ACCEPT: _____

REJECT: _____

JUDGE: _____

# IN THE UNITED STATES DISTRICT COURT

| | | |
|---|---|---|
| JUDY A. FOSTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | No.:3-11-1216 |
| SPRING MEADOWS HEALTH | ) | |
| CARE CENTER LLC, | ) | Judge ASPEN |
| | ) | |
| Defendant. | ) | JURY DEMANDED |
| | ) | |

## AGE DISCRIMINATION IN EMPLOYMENT

Judy Foster also alleges that she was terminated based upon her age. To prove her claim of a violation of the Age Discrimination in Employment Act, the Plaintiff must establish each of the essential elements of her claim by a preponderance of the evidence. Those elements are: (1) that she was at least 40 years old at the time of the alleged discrimination; (2) that she was subjected to an adverse employment action; (3) that she was otherwise qualified for the position; and (4) that she was replaced by a younger worker or that similarly situated non-protected employees were treated more favorably.

Reeves v. Sanderson Plumbing Prods., 530 U.S. 133, 143 (2000); Tuttle v. Metro. Gov't, 474 F.3d 307, 317 (6th Cir. 2007); Coomer v. Bethesda Hosp., Inc., 370 F.3d 499, 511 (6th Cir. 2004).

BATSON NOLAN PLC

By: /s/ Kathryn W. Olita
   Kathryn W. Olita, BPR No. 023075
   Erik Fuqua, BPR No. 029972
   121 South Third Street
   Clarksville, Tennessee 37040
   (931) 647-1501

ACCEPT: _____

REJECT: _____

JUDGE: _____

# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## AT NASHVILLE

JUDY A. FOSTER,                          )
                                         )
    Plaintiff,              )
                                         )
vs.                                      )
                                         )  No.:3-11-1216
SPRING MEADOWS HEALTH                    )
CARE CENTER LLC,                         )  Judge ASPEN
                                         )
    Defendant.              )  JURY DEMANDED
                                         )

## AGE AS A CRITICAL FACTOR

In order to prove that Plaintiff's age was the critical factor, Plaintiff must show that, but for

the consideration of her age, the defendant would not have terminated her employment.

Gross v. FBL Fin. Servs., Inc., 557 U.S. 167 (2009).

BATSON NOLAN PLC

By: /s/ Kathryn W. Olita
     Kathryn W. Olita, BPR No. 023075
     Erik Fuqua, BPR No. 029972
     121 South Third Street
     Clarksville, Tennessee 37040
     (931) 647-1501

ACCEPT: _____

REJECT: _____

JUDGE: _____

## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## AT NASHVILLE

JUDY A. FOSTER,               )
                                    )
        Plaintiff,           )
                                      )
vs.                          )
                                    )    No.:3-11-1216
SPRING MEADOWS HEALTH   )
CARE CENTER LLC,        )    Judge ASPEN
                                    )
        Defendant.      )    JURY DEMANDED
                                    )

## DAMAGES

If Plaintiff has proven her claims against defendant, you must determine the damages to which she is entitled, if any. You should not interpret the fact that I am giving instructions about damages as an indication in any way that I believe that Plaintiff should, or should not, win this case. It is your task first to decide whether Spring Meadows is liable on the specific claims presented. I am instructing you on damages only so that you will have guidance in the event you decide that Spring Meadows is liable and that Plaintiff is entitled to recover money from Spring Meadows.

You are instructed that you may award to Plaintiff only such damages as will fairly and reasonably compensate her for the damages which you find, from a preponderance of all the evidence in the case, she has sustained as a proximate result of the actions of Spring Meadows in accordance with these instructions. You may not award damages on the basis of speculation, sympathy or guesswork. Nor should you consider the cost to Plaintiff of hiring an attorney. Damages can be awarded only to the extent that the various elements of damages have been proved by the evidence in the case, and you may not speculate upon the damages as to which there has been no proof.

McNamara & Southerland, *Federal Employment Jury Instructions* (2006), §§3:470, 3:475 (as modified).

                                    BATSON NOLAN PLC

                                    By: /s/ Kathryn W. Olita
                                        Kathryn W. Olita, BPR No. 023075
                                        Erik Fuqua, BPR No. 029972
                                        121 South Third Street
                                        Clarksville, Tennessee 37040
                                        (931) 647-1501

ACCEPT: _____

REJECT: _____

JUDGE:  _____

# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

JUDY A. FOSTER,              )
                                     )
      Plaintiff,           )
                                     )
vs.                         )
                                   )     No.:3-11-1216
SPRING MEADOWS HEALTH  )
CARE CENTER LLC,       )     Judge ASPEN
                                   )
      Defendant.        )     JURY DEMANDED
                                   )

## MITIGATION OF DAMAGES

If you find that the Defendant wrongfully discriminated against the Plaintiff on the basis of her race or age and that she is entitled to damages, the Plaintiff still has a duty to mitigate her damages after the discrimination occurred. She is under a duty to be reasonably diligent in seeking an equivalent employment opportunity. You shall consider the actions taken by the Plaintiff after her termination and calculate damages based upon her actions to seek equivalent employment. If you find that the Plaintiff voluntarily chose to remain out of the work force and did not demonstrate reasonable diligence in seeking equivalent employment, you shall not award any damages based upon back or front pay.

Rasimas v. Michigan Dept. of Mental Health, 714 F.2d 614, 623 (6th Cir. 1983).

                         BATSON NOLAN PLC

                         By: /s/ Kathryn W. Olita_____
                               Kathryn W. Olita, BPR No. 023075
                               Erik Fuqua, BPR No. 029972
                               121 South Third Street
                               Clarksville, Tennessee 37040
                               (931) 647-1501

ACCEPT: _____

REJECT: _____

JUDGE:  _____