IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| **JUDY FOSTER,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:11-cv-01216 |
| **vs.** ) | |
| ) | JUDGE ASPEN |
| **SPRING MEADOWS HEALTH** ) | |
| **CARE CENTER, LLC,** ) | JURY DEMAND |
| ) | |
| Defendant. ) | |

## JURY INSTRUCTIONS NUMBER 1

**RACE DISCRIMINATION**

In this case the Plaintiff, Judy Foster, has made a claim under the Federal Civil Rights statute that prohibits discrimination against an employee because of the person's race.

Specifically, Judy Foster claims that she was terminated on October 28, 2009, by Defendant Spring Meadows Health Care Center, LLC, because of her race.

Defendant Spring Meadows Health Care Center, LLC, denies that Judy Foster was discriminated against in any way and asserts that her termination occurred due to insubordination and leaving the workplace without permission.

I will now instruct you more fully on the issues you must address in this case.

To prevail on their claims, the plaintiff must prove, by a

1

preponderance of the evidence, that the defendant intentionally discriminated against her because of race.

The discrimination must have been intentional. It cannot have occurred by accident. Intentional discrimination means that one of the motives or reasons for plaintiffs discharge was race. Race does not have to be the only reason, or even the main reason, but it does have to be one of the reasons which made a difference in determining whether or not to discharge the plaintiffs.

Thus, if you find that race was one of the motives or reasons which made a difference in the defendant's decision to discharge the plaintiff, your verdict will be for the plaintiff on her claims. If you find that race was not one of the motives or reasons that made a difference in the defendant's decision to discharge the plaintiff, your verdict will be for the defendant on the plaintiffs claims.

The plaintiff does not have to produce direct evidence of intentional discrimination. Intentional discrimination may be inferred form the existence of other facts.

For example, evidence that other employees engaged in conduct that was similar to the plaintiffs conduct and were disciplined by similar decisionmakers as the plaintiff, may support an inference of discrimination to the extent that a difference in treatment can reasonably be attributed to race.

Your task is to determine whether the defendant discriminated against the plaintiff. You are not to substitute your judgment for the defendant's business judgment, or decide this case based upon what you would have done.

However, you may consider the reasonableness or lack of reasonableness of the defendant's stated business judgment along with all the other evidence in determining whether the defendant discriminated or did not discriminate against the plaintiff.

*Danny McDole v. City of Sagniaw, United States District Court, Eastern District of Michigan, Northern Division, Case Number 07-13697-BC;*

part of instruction approved in *Danny McDole v. City of Sagninaw, Case Number 10-1420, 10-1789* (6th Cir. 2012)

3

**COMPENSATORY DAMAGES FOR RACE DISCRIMINATION**

I am now going to instruct you on damages. Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not Spring Meadows Health Care Center, LLC, should be held liable.

If you determine that the plaintiff is entitled to damages, it is your duty to determine the amount of money, which reasonably, fairly and adequately compensates her for the discriminatory actions of the defendant, taking into account the nature and extent of the injury. You should include each of the following elements of damage which you decide has been sustained by the plaintiffs:

    a)    Economic loss for lost wages, out-of-pocket expenses, and other benefits; and

    b)    Non-economic loss for embarrassment, humiliation, mental and emotional distress and anguish.

Which, if any, of these elements has been proved is for you to decide based upon evidence and not upon speculation, guess or conjecture. The amount of money to be awarded for certain of these elements cannot be proved in a precise dollar amount. The law leaves such amount to your sound judgment. Your verdict must be solely to compensate the plaintiff for her damages, and not to punish the defendant.

The plaintiff must make every reasonable effort to minimize or reduce their damages for loss of compensation by seeking

employment. This is called "mitigation" of damages.

The defendant has the burden of proving that the plaintiff failed to mitigate her damages for loss of compensation.

If you find that the plaintiff is entitled to damages, you must reduce these damages by:

    a)   the amount the plaintiff earned; and

    b)   the amount the plaintiff could have earned with reasonable effort

during the period for which you determine that they are entitled to damages.

Whether the plaintiff was reasonable in not seeking or accepting particular employment is a question for you to decide. However, the plaintiff is obligated to accept an offer of employment which is of "a like nature." In determining whether employment is of "a like nature," you may consider, for example, the type of work, the hours worked, the compensation, the job security, working conditions, and other conditions of employment.

If you decide that the plaintiff should receive damages for their claims, you must remember that the plaintiff states that the defendant caused the plaintiff the injury of the loss of their job in different ways. The law generally does not allow someone to recover more than once for the same injury. So if you find that the plaintiffs have met their burden of proof on their claims, you must carefully assess the damages you award to the plaintiff, so that you do not allow her to recover twice for the

5

same injury.
*Danny McDole v. City of Sagniaw, United States District Court, Eastern District of Michigan, Northern Division, Case Number 07-13697-BC;*

                              Respectfully submitted,

                              */s/ Debra A. Wall*
                              DEBRA A. WALL, BPR #11331
                              Attorney for Plaintiff
                              133 Franklin Street
                              Clarksville, TN 37040
                              Telephone:(931) 906-3904
                              Facsimile: (931)906-3908
                              Email: debraawall@msn.com

**CERTIFICATE OF SERVICE**

    This certifies that a copy of the foregoing is being forwarded via the Court's Electronic Mailing System to:

    Kathryn W. Olita
    Erik Fuqua
    121 South Third Street
    Clarksville, Tennessee 37040

on this the 5th day of April, 2013.

                              *s/Debra A. Wall*
                              Debra A. Wall

6

Case 3:11-cv-01216   Document 56   Filed 04/05/13   Page 6 of 6 PageID #: 845