IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| JUDY FOSTER, ) | |
| ) | |
| Plaintiff ) | |
| ) | Case No. 3:11-cv-01216 |
| vs. ) | |
| ) | JUDGE ASPEN |
| SPRING MEADOWS HEALTH ) | |
| CARE CENTER, LLC, ) | JURY DEMAND |
| ) | |
| Defendant. ) | |

**JURY INSTRUCTIONS NUMBER 2**

**AGE DISCRIMINATION**

In this case the Plaintiff, JUDY FOSTER, has made a claim under the Federal Civil Rights statute that prohibits age discrimination against an employee, if that person is 40 years of age or older. This statute is known as the Age Discrimination in Employment Act or "ADEA."

Specifically, Judy Foster claims that she was terminated on October 28, 2009, by Spring Meadows Health Care Center, LLC, because of her age.

Defendant Spring Meadows Health Care Center, LLC, denies that Judy Foster was discriminated against because of her age. Further, Spring Meadows Health Care Center, LLC, asserts that the termination occurred due to insubordination and leaving the workplace without permission.

1

I will now instruct you more fully on the issues you must address in this case.

It is unlawful for an employer to discriminate against an employee because of the employee's age. To prove discrimination, Plaintiff must prove by a preponderance of the evidence that:

a) she was terminated from her employment;

b) she was 40 years or older at the time she was terminated; and

c) Defendant terminated Plaintiff because of Plaintiff's age.

Plaintiff do not have to prove that discrimination was the only reason Defendant's actions. However, Plaintiff must prove by a preponderance of evidence, that age was the "but-for" cause of the employers' decision.

If you disbelieve the reason(s) Defendant has given for its decision, you may infer Defendant terminated Plaintiff because of their age.

*3rd Circuit Civil Pattern Jury Instructions, 8.0*

*5th Circuit Pattern Jury Instructions;*

*Gross v. FBL Financial Services, 557 U.S 167, 179 (2009).*

**BACK PAY FOR AGE DISCRIMINATION**

If you find that Spring Meadows Health Care Center, LLC, intentionally discriminated against Judy Foster based on age discrimination, then you must determine the amount of damages that Spring Meadows' actions have caused Judy Foster. Judy Foster has the burden of proving damages by a preponderance of the evidence.

You may award as actual damages an amount that reasonably compensates Judy Foster for any lost wages and benefits, taking into consideration any increases in salary and benefits, including pension, that Judy Foster would have received from Spring Meadows had Judy Foster not been the subject of Spring Meadows' intentional discrimination.

Back pay damages, if any, apply from the time Judy Foster's employment was terminated until the date of your verdict.

If you award back pay, you are instructed to deduct from the back pay figure whatever wages Judy Foster has obtained from other employment during this period. However, please note that you should not deduct social security benefits, unemployment compensation and pension benefits from an award of back pay.

You are further instructed that Judy Foster has a duty to mitigate her damages – that is Judy Foster is required to make reasonable efforts under the circumstances to reduce her damages.

3

It is Spring Meadows' burden to prove that Judy Foster has failed to mitigate. So if Spring Meadows persuades you, by a preponderance of the evidence, that Judy Foster failed to obtain substantially equivalent job opportunities that were reasonably available to her, you must reduce the award of damages by the amount of wages that Judy Foster reasonably would have earned if she had obtained those opportunities.

In assessing damages, you must not consider attorney fees or the costs of litigating this case. Attorney fees and costs, if relevant at all, are for the court and not the jury to determine. Therefore, attorney fees and costs should play no part in your calculation of damages.

*3rd Circuit Pattern Jury Instructions, 8.4.2*

**LIQUIDATED DAMAGES**

If you find that Judy Foster is entitled to recover damages for lost wages or benefits, you must determine if Spring Meadows' conduct was willful. If you find that Spring Meadows willfully violated the Age Discrimination in Employment Act law, then you must award plaintiff double the amount of damages for lost wages and benefits that you have found. Judy Foster has the burden of proving willfulness by a preponderance of the evidence.

You must find Spring Meadows' violation of the ADEA to be willful if Spring Meadow knew or showed reckless disregard for

4

whether the employment termination was prohibited by law. To establish willfulness it is not enough to show that Spring Meadows acted negligently. If you find that Spring Meadows did not know, or knew only that the law was potentially applicable, and did not act in reckless disregard as to whether its conduct was prohibited by the law, then Spring Meadows' conduct was not willful and you cannot award double the amount of damages for lost wages and benefits.

*3rd Circuit Pattern Jury Instructions, 8.4.3*

Respectfully submitted,

*/s/ Debra A. Wall*
DEBRA A. WALL, BPR #11331
Attorney for Plaintiff
133 Franklin Street
Clarksville, TN 37040
Telephone:(931) 906-3904
Facsimile: (931)906-3908
Email: debraawall@msn.com

**CERTIFICATE OF SERVICE**

This certifies that a copy of the foregoing is being forwarded via the Court's Electronic Mailing System to:

Kathryn W. Olita
Erik Fuqua
121 South Third Street
Clarksville, Tennessee 37040

on this the 5th day of April, 2013.

*s/Debra A. Wall*
Debra A. Wall)647-1501

5