IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| **JUDY FOSTER,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:11-cv-01216 |
| vs. ) | |
| ) | JUDGE ASPEN |
| **SPRING MEADOWS HEALTH** ) | |
| **CARE CENTER, LLC,** ) | JURY DEMAND |
| ) | |
| Defendant. ) | |

**JURY INSTRUCTIONS NUMBER 5**

**PUNITIVE DAMAGES-MULTIPLE FACTORS**

In addition to the compensatory damages just described, if you find for Plaintiff and find from a preponderance of the evidence that the acts of Defendant were undertaken maliciously or in reckless disregard for her right to be free from discrimination, then you may award Plaintiff punitive and exemplary damages. The law authorizes an award of punitive and exemplary damages for the purpose of punishing a wrongdoer and serving as an example or warning to other defendants not to engage in conduct of the types just described. You may award punitive damages to Plaintiff even in the absence of actual damages.

An act is undertaken in reckless disregard of Plaintiff's right to be free from discrimination when Defendant, or one or

1

more of its employees, knew or should have known that the consequences of its actions would be to discriminate against Plaintiff.

Whether or not to make an award of punitive and exemplary damages is a matter exclusively within the province of the jury.

In fixing an amount of punitive damages, if any, you should consider the following questions:

1) How offensive was the conduct?
2) What was the nature and extent of the harm done?
3) How long has Plaintiff endured the discriminatory conduct?
4) What was Defendant's conduct after it was informed of the discriminatory conduct claimed by Plaintiff?
5) What amount is needed to deter repetition of misconduct of the type in question in light of Defendant's financial abilities?

If you award punitive damages, you should do so using calm discretion and sound reasons. If you award punitive damages, they must be separately stated in your verdict.

*3 Devit, Blackmar & Wolf, Federal Jury Practice and Instructions, §§ 104.07, 105.03 (4th ed. 1987)*

Respectfully submitted,


/s/ Debra A. Wall
DEBRA A. WALL, BPR #11331
Attorney for Plaintiff
133 Franklin Street
Clarksville, TN 37040
Telephone:(931) 906-3904
Facsimile: (931)906-3908
Email: debraawall@msn.com


**CERTIFICATE OF SERVICE**

This certifies that a copy of the foregoing is being forwarded via the Court's Electronic Mailing System to:

Kathryn W. Olita
Erik Fuqua
121 South Third Street
Clarksville, Tennessee 37040

on this the 5th day of April, 2013.


s/Debra A. Wall
Debra A. Wall

3