**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**AT NASHVILLE**

| | |
|---|---|
| JUDY A. FOSTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | )     No. 03:11-CV-01216 |
| SPRING MEADOWS HEALTH | ) |
| CARE CENTER LLC, | )     Judge ASPEN |
| | ) |
| Defendant. | )     JURY DEMANDED |
| | ) |

## DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

Comes now Defendant, by and through counsel, and submits this brief objection to portions of Plaintiff's proposed jury instructions. In support hereof, Defendant states as follows:

Jury Instruction Number 2, Liquidated Damages

Liquidated damages equal to an amount of plaintiff's back pay award are available in cases in which the employer commits a "willful violation" of the ADEA. Willfulness exists when the employer knew its conduct was prohibited or showed reckless disregard for whether its conduct was prohibited by the ADEA. *See Trans World Airlines, Inc. v. Thurston,* 469 U.S. 111 (1985). Plaintiff did not include a claim for liquidated damages in her Complaint. *See* D.E. 1. Likewise, she has not pleaded a willful violation of the ADEA by Defendant. (D.E. 1 at ¶18 – 19). Defendant submits that an award of liquidated damages is not permissible or appropriate as there are no allegations in this case that Defendant's conduct was willful, malicious, or otherwise intentional.

As Plaintiff has not pleaded a willful violation of the ADEA by Defendant, Defendant submits that this claim should not be submitted to the jury and the relevant portion of Jury Instruction No. 2 deleted.

Jury Instruction Number 5, Punitive Damages

Plaintiff has not made a claim for punitive damages in this case. (D.E. 1). Consistent with this, her Complaint includes no allegations that Defendant willfully and intentionally violated her civil rights or acted with reckless or callous indifference to her federally protected rights. *See* D.E. 1. Pursuant to 42 USCS § 1981a, a complaining party may recover punitive damages against a respondent (other than a government, government agency or political subdivision) if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual. Plaintiff has not alleged such conduct on the part of Defendant and as such is not entitled to punitive damages in this case.

As Plaintiff has not plead a willful or malicious violation of her civil rights by Defendant, Defendant submits that the punitive damage claim should not be submitted to the jury and the relevant portion of Jury Instruction No. 5 deleted.

If the Court determines that the jury may decide these questions put forth by the Plaintiff, then the Defendant requests a proper instruction on each question.

Respectfully submitted,

BATSON NOLAN PLC

By: /s/ Kathryn W. Olita
      Kathryn W. Olita, BPR No. 023075
      Erik Fuqua, BPR No. 029972
      121 South Third Street
      Clarksville, Tennessee 37040
      (931) 647-1501

2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing has been delivered to the following persons via the Court's electronic filing system or other appropriate means:

    Debra A. Wall
    133 Franklin Street
    Clarksville, TN 37040
    *Attorney for Plaintiff*

    and

    Marvin E. Aspen
    United States District Court Judge
    219 South Dearborn Street
    Chicago, IL 60604
    Telecopier: 312-554-8515

on this __11th__ day of <u>April</u>, 2013.

                    BATSON NOLAN


                    By: __/s/ Kathryn W. Olita_____

3