IN THE UNITED STATED DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| JUDY A. FOSTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:11-cv-01216 |
| | ) JUDGE ASPEN |
| | ) |
| SPRING MEADOWS HEALTH | ) |
| CARE CENTER, LLC, | ) JURY DEMAND |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S OBJECTION TO DEFENDANT'S JURY INSTRUCTIONS**

Comes now the Plaintiff, Judy A. Foster, by and through undersigned counsel, and objects to Defendant's Jury Instructions as follows:

1. **Prima Facie Case, #804, Pretext, # 807, Legitimate - Non-Discriminatory Reason, #805, Discrimination Generally #802, Age Discrimination in Employment, #818**

In this case Plaintiff has survived summary judgment and the case is headed for trial. Defendant asks that the jury be charged on the elements of a *prima facie* case.

Most circuits have found it is inappropriate to instruct the jury on the *McDonnell Douglas* burden shifting analysis. The Sixth Circuit addressed this issue in *Brown v. Packaging Corporation fo America, 338 F.3d 586 (6th Cir. 2003)*:

The "order and allocation of proof" are not matters for

which juries are responsible-and, as the First Circuit pointed out ina leading case decided six years after *McDonnell Douglas*, the *McDonnell Douglas* opinion "was not written as a prospective jury charge..." *Loeb v. Textron, Inc., 600 F.2d 1003, 1006 (1st Cir.1979)*. Heavily freighted with technical legal language ("prima facie case," e.g.), the *McDonnell Douglas* opinion was written for an audience of judges and lawyers. "[T]o read [the opinion's] technical aspect to a jury," the *Loeb* court said, "... will add little to the juror's understanding of the case and, even worse, may lead jurors to abandon their own judgment and to seize upon poorly understood legalisms to decide the ultimate question of discrimination." *Id. Cf. Kitchen v. Chippewa Valley Schools, 825 F.2d 1004, 1012 (6th Cir. 1987)*, where we quoted this passage from *Loeb* with approval...

*See, Cabera v. Jakabovitz, 24 F.3d 372, 380 (2d Cir. 1994)*(bemoaning the facts that "lawyers are still prone to include in requested jury charges language that was written by appellate courts in the context of bench trials - language that it is at best irrelevant, and at worst misleading to a jury"); *Gordan v. New York City Bd. Of Educ., 232 F.3d 111, 118 (2d Cir. 2000)*("The jury...does not need to be lectured on the concepts that guide a judge in determining whether a case should go to the jury"); *Mullen v. Princess Anne Volunteer fire Co., Inc., 853 F.2d 1130, 1137 (4th Cir. 1988)*(burden -shifting instructions "are beyond the function and expertise of the jury, which need never hear the term 'prima facie case'"; *Walther v. Lone Star Gas Co., 952 F.2d 119, 127 (5th Cir. 1992)*("Instructing the jury on the elements of a prima facie case, presumptions, and the burden of proof is unnecessary and confusing"); *Gehring v. Case Corp., 43 F.3d 340, 343 (7th Cir. 1994)*(trial judge acted correctly in declining "to walk the jury through the paradigm established by McDonnell Douglas"); *Williams v. Valentec Kisco, Inc., 964 F.2d 723, 731 (8th Cir. 1992)*(reiterating that "the *McDonnell Douglas* 'ritual is not well suited as a detailed instruction to the jury'..."); *Costa v. Desert Palace, Inc., 299 F.3d 838, 855 (9th Cir. 2002)(en banc)*("it is not normally appropriate to introduce the *McDonnell Douglas* burden-shifting framework to the jury"), *aff'd, 537 U.S. 1099, 123 S.Ct. 816, 154 L.Ed.2d 766 (2003); Messina v. Kroblin Transportation Systems, Inc., 903 F.2d 1306, 1308 (10th Cir. 1990)*("The *McDonnell Douglas* inferences

provide assistance to a judge as he addresses motions to dismiss, for summary judgment, and for directed verdict, but they are of little relevance to the jury"); *Dudley v. Wal-Mart, Inc.*, 166 F.3d 1317, 1322 (11th Cir. 1999)("We stress that it is unnecessary and inappropriate to instruct the jury on the *McDonnell Douglas* analysis").

In particular, Defendant's Jury Instruction titled "Discrimination - Generally" requires the very burden shifting analysis that is not applicable at trial once Plaintiff has prevailed on summary judgment. At trial, the issue before the jury is :

> Plaintiff must always prove by a preponderance of the evidence that she was discriminated against because of race or age.

*Brown, supra, at 593*.

## 2. Evidence of Discrimination #810

The proposed jury instruction states "to demonstrate direct evidence of discriminatory animus under Title VII, the Plaintiff must show"...

Plaintiff is not aware of any "direct evidence" of discrimination in this case. Plaintiff has proceeded on an indirect method of proving discrimination. Therefore, to instruct the jury that Plaintiff must come forward with direct evidence is misleading and not the law. *McDole v. City of Saginaw*, 471 Fed.Appx. 464, 2012 WL 1003553 (C.A 6 (Mich.)).

Further, the authority for this instruction, *Newman v. Federal Express corporation*, 266 F.3d 401 (6th Cir. 2001) was an appeal of the grant of summary judgment, not a case that went to

the jury. *Cesaro v. Lakeville Community School District, 953 F.2d 252 (6th Cir. 1992)* was a mixed motive case tried to the Court in a <u>bench</u> trial.

**3.  Intentional Discrimination #809**

Said proposed instruction is not a proper statement of the law. Plaintiff does not have to prove that "race accounted for the employer's decision to terminate." Instead, race must be a <u>factor</u> in the decision.

**4.  Honest Believe Instruction #812 and Business Judgment #816**

Plaintiff submits that the two are the same defense and should not be both given to the jury. In *Martin v. Toledo Cardiology Consultants, Inc., 548 F.3d 405 (6th Cir. 2005)*, the Sixth Circuit found that the key injury of an honest belief is "whether the employer made a reasonably informed and considered decision before taking an adverse employment action."this is the very same language used in Defendant's Business Judgment proposed Instruction, #816, to wit: "[t]he key inquiry is whether the employer made a reasonably informed and considered decision before taking action against an employee". Plaintiff submits that both honest belief and business judgment merely present to the jury Defendant's argument and do not add instruction as to Plaintiff's burden. If the Court decides to charge upon such as an instruction, Defendant should only get one bite of this apple and not two.

Respectfully submitted:

_s/Debra A. Wall_____
Debra A. Wall, BPR #11331
Attorney for Plaintiff
133 Franklin Street
Clarksville, TN 37040
Telephone:(931) 906-3904
Facsimile (931) 906-3908
E-mail debraawall@msn.com

**CERTIFICATE OF SERVICE**

This certifies that a copy of the foregoing is being forwarded via the Court's Electronic Mailing System to:

Kathryn W. Olita
Erik Fuqua
121 South Third Street
Clarksville, Tennessee 37040

on this the 12th day of April, 2013.

_s/Debra A. Wall_____
Debra A. Wall